UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF LOUISIANA
LAKE CHARLES DIVISION

| | |
|---|---|
| RAFAEL JARAMILLO<br>A# 091-984-671 | CIVIL ACTION NO. 11-403<br>SECTION P |
| VS. | JUDGE MINALDI |
| PHILLIP MILLER | MAGISTRATE JUDGE KAY |

## REPORT AND RECOMMENDATION

Before the court is a petition for writ of habeas corpus filed on March 10, 2011, by *pro se* petitioner, Rafael Jaramillo, pursuant to 28 U.S.C. § 2241. Doc. 1. Petitioner is an immigration detainee in the custody of the Department of Homeland Security/United States Immigration and Customs Enforcement (DHS/ICE). *Id.* He is presently detained at the Federal Detention Center, Oakdale, Louisiana. *Id.*

This matter has been referred to the undersigned for review, report, and recommendation in accordance with the provisions of 28 U.S.C. § 636 and the standing orders of the court. For the following reasons it is recommended that the petition be **DENIED** and **DISMISSED WITH PREJUDICE.**

*Statement of the Case*

Petitioner states that he has lived in Florida since the age of two, is married to a United States citizen, and is the father of two United States citizens. *Id.* Petitioner claims that he automatically derived citizenship as a minor and that he is a derivative citizen of the United States. *Id.* Petitioner states that he was placed in removal proceeding in 2000, after a 1998 drug conviction. *Id.* He further states that he was ordered removed on February 10, 2011. *Id.*

Petitioner concedes that, but for his claim to derivative citizenship, he would be subject to

mandatory deportation as an aggravated felon. *Id.* He states that he has not presented this claim or any other claim concerning ICE's action to the Board of Immigration Appeals (BIA) as BIA does not have jurisdiction over this matter. *Id.* Petitioner says that he filed an application for United States citizenship in March 2006 which was denied in July 2009. *Id.* Petitioner claims to have appealed the decision but his appeal was denied on January 21, 2010. *Id.* Petitioner claims that his counsel filed a motion to re-open and re-consider. *Id.* He states that the motion is still pending. *Id.*

Through the § 2241 petition now before the court, petitioner is challenging the validity of his removal based upon his claim that he can prove that he has derivative citizenship status. He seeks immediate release.

*Law and Analysis*

1. <u>Jurisdiction</u>

At the outset, this court must consider whether it has jurisdiction to review petitioner's challenge to his removal order. *Mondjo v. Chertoff*, No. 06-2382, 2007 WL 594901 (W.D. La. Jan. 09, 2007).

On May 11, 2005, the President signed into law the REAL ID Act of 2005, Pub.L.No.109-13, Div. B, 119 Stat. 231 (2005). Section 106(a) of the REAL ID Act of 2005 amends INA § 242(a) to provide that a petition filed in the appropriate court of appeals in accordance with § 242 is the sole and exclusive means for obtaining judicial review of an order of removal, and that a petition for writ of *habeas corpus* is not an appropriate vehicle for challenging a removal order.[1] These jurisdictional amendments became effective on May 11, 2005.

---

[1] Section 106(a)(1)(A)(iii) of the REAL ID Act added the following language to INA §242(a):
(5)EXCLUSIVE MEANS OF REVIEW – Notwithstanding any other provision of law (statutory or

*Ibarraroco v. Barnes*, No. 09-3085, 2009 WL 3242586, *1, n.1 (S.D. Tex. Oct. 1, 2009).

It is clear that this court lacks jurisdiction to consider this *habeas corpus* petition which, in actuality, challenges petitioner's order of removal. Finally, since this petition was filed after the enactment of the REAL ID Act of 2005, the transfer provision found in § 106(c) of the REAL ID Act is not applicable to this case.[2]

2. Conclusion

Therefore, **IT IS RECOMMENDED** that the petition for writ of *habeas corpus* [doc. 1] be **DENIED** and **DISMISSED** for lack of jurisdiction.

Under the provisions of 28 U.S.C. § 636(b)(1)(C) and FED. R. CIV. PROC. 72(b), parties aggrieved by this recommendation have fourteen (14) business days from service of this report and recommendation to file specific, written objections with the Clerk of Court. A party may respond to another party's objections within ten (10) days after being served with a copy thereof.

**Failure to file written objections to the proposed factual finding and/or the proposed legal conclusions reflected in this Report and Recommendation within fourteen (14) days**

---

nonstatutory), including section 2241 of title 28, United States Code, or any other habeas corpus provision, and section 1361 and 1651 of such title, a petition filed in the appropriate court of appeals in accordance with this section shall be the sole and exclusive means for judicial review of an order of removal entered or issued under any provision of this Act, except as provided in subsection (e). For purposes of this Act, in every provision that limits or eliminates judicial review or jurisdiction to review, the terms 'judicial review' and 'jurisdiction to review' include habeas corpus review pursuant to section 2241 of title 28, United States Code, or any other habeas corpus provision, sections 1361 and 1651 of such title, and review pursuant to any other provision of law (statutory or nonstatutory).

[2] Section 106(c) of the Real ID Act provides:
(c) TRANSFER OF CASES – If an alien's case, brought under section 2241 of title 28, United States Code, and challenging a final administrative order of removal, deportation, or exclusion, is pending in a district court on the date of the enactment of this division, then the district court shall transfer the case (or the part of the case that challenges the order of removal, deportation, or exclusion) to the court of appeals for the circuit in which a petition for review could have been properly filed under section 242(b)(2) of the Immigration and Nationality Act (8 U.S.C. 1252), as amended by this section, or under section 309(c)(4)(D) of the Illegal Immigration Reform and Immigrant Responsibility Act of 1996 (8 U.S.C. 1101 note). The court of appeals shall treat the transferred case as if it had been filed pursuant to a petition for review under such section 242, except that subsection (b)(1) of such section shall not apply.

**following the date of its service, or within the time frame authorized by Fed.R.Civ.P. 6(b), shall bar an aggrieved party from attacking either the factual findings or the legal conclusions accepted by the District Court, except upon grounds of plain error.** *See Douglas v. United Services Automobile Association,* **79 F.3d 1415 (5th Cir. 1996).**

THUS DONE this 9th day of May, 2011.

_____
KATHLEEN KAY
UNITED STATES MAGISTRATE JUDGE